# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DANIEL W. WIRSING,**

    Petitioner,

**v.**
                                      **CIVIL ACTION NO. 3:16-CV-77**
                                      **CRIMINAL ACTION NO. 3:07-CR-49**
**UNITED STATES OF AMERICA,**      **(BAILEY)**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Civ. Doc. 5; Crim. Doc. 306]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on July 5, 2016, wherein he recommends this Court deny and dismiss the petitioner's § 2255 motion.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91,

1

94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on July 8, 2016. [Civ. Doc. 6; Crim. Doc. 307]. The petitioner timely filed his Objection on July 19, 2016. [Crim. Doc. 309]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## I. BACKGROUND

On June 20, 2007, the petitioner signed a plea agreement in which he agreed to plead guilty to Count 10, Felon in Possession, in violation of 18 U.S.C. § 922(g)(1), and Count 14, Possession with Intent to Distribute 16 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), of the Indictment. [Crim. Doc. 114]. A Presentence Investigation Report ("PSR") was filed on January 28, 2008, which provided in pertinent part:

> Chapter Four Enhancements: As shown in Part B (Criminal History) below, the defendant has two previous convictions for Possession with Intent to Distribute CDS. Since the instant offense involves Possession with Intent to Distribute Cocaine Base, and the defendant was 18 years or older at the time of its commission, the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1 of the guidelines . . .

[Crim. Doc. 165 at 12]. On January 31, 2008, the petitioner was sentenced to a term of 120 months' imprisonment on Count 10 and a term of 188 months' imprisonment on Count 14, to be served concurrently with one another. [Crim. Doc. 168 at 2]. The petitioner filed a direct appeal, and the Fourth Circuit affirmed the District Court's judgment by per curiam opinion on May 21, 2009. [Crim. Doc. 224].

2

## II.     DISCUSSION

### A.     Petitioner's § 2255 Motion

On June 10, 2016, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Civ. Doc. 1; Crim. Doc. 298]. Therein, the petitioner alleges that pursuant to the Supreme Court's decision in **Johnson v. United States**, 135 S.Ct. 2551 (2015), his career offender status is no longer valid because none of his prior drug convictions were serious. [*Id.* at 5]. The petitioner also alleges that his two prior drug convictions do not fit under the definition of the residual clause because they were not "'serious drug' offenses and no violence was involved." [Crim. Doc. 298-1; Civ. Doc. 1-1 at 4]. As relief, the petitioner requests to be resentenced without the career offender enhancement. [Civ. Doc. 1; Crim. Doc. 298 at 13].

### B.     Magistrate Judge Trumble's R&R

The magistrate judge's R&R recommends that the petitioner's motion be denied and dismissed because the petitioner was not adjudged a career offender based on the definition of "crime of violence" as set forth in the residual clause, and thus his argument that **Johnson** renders his sentence void lacks merit. In so recommending, Magistrate Judge Trumble explains that the petitioner's two prior convictions that resulted in his career offender status were felony convictions for controlled substances, not convictions for crimes of violence under the residual clause. Thus, the petitioner's case need not be analyzed pursuant to **Johnson** and the Supreme Court's upcoming decision in **Beckles v. United States**[1] regarding, *inter alia*, whether **Johnson** applies retroactively to collateral cases

---

[1] **Beckles v. United States**, 2016 U.S. LEXIS 4142, 84 U.S.L.W. 3702, 2016 WL 1029080 (June 27, 2016).

3

challenging federal sentences under the residual clause.

### C. Petitioner's Objection

The petitioner's objection again asserts that his prior drug convictions were not serious enough to have been used to classify him as a career offender. The petitioner states that the now-invalidated Armed Career Criminal Act ("ACCA") residual clause "also applies to the language set forth in § 4B1.2(b) in regards to the term of 'controlled substance offense,'" and that the Fourth Circuit "has already held that prior controlled substance conviction[s] for [small] amount[s] of drugs are not serious enough to be used to enhance a defendant as a career offender because they fall[] outside the heartland of the career offender [enhancement]." He also states that *Johnson* ruled that the ACCA residual clause contains the same language as the residual clause of 4B1.1 of the United States Sentencing Guidelines ("USSG"), under which the petitioner received a career offender enhancement.

The petitioner's objection is without merit. He fails to address the central point of the magistrate judge's R&R–that the petitioner's career offender enhancement was based upon prior felony convictions for controlled substances rather than crimes of violence. Instead, he attempts to emphasize that the invalidated ACCA residual clause applies not only to the "crime of violence" language but also to the language concerning "controlled substance offense" in the Sentencing Guidelines, by which he received a career offender enhancement. This is incorrect. The petitioner's career offender enhancement was made pursuant to USSG § 4B1.1, which provides in pertinent part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant

offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of *either* a crime of violence *or a controlled substance offense.*

USSG § 4B1.1 (emphasis added). In the petitioner's case, the instant offense of conviction involves a felony that is a controlled substance offense such that the second element of § 4B1.1 is satisfied, and the two prior felony convictions relied upon to satisfy the third element were also controlled substance offenses. Thus, the "crime of violence" language was not implicated in the petitioner's career offender enhancement.

The ***Johnson*** case, upon which the petitioner relies for relief, addresses only language related to crimes of violence. The specific language of the ACCA's residual clause that the Supreme Court invalidated was, "or otherwise involves conduct that presents a serious potential risk of physical injury to another." ***Johnson***, 135 S.Ct. at 2555-2556, 2563. This specifically invalidated language is only present in the Sentencing Guidelines under the definition of "crime of violence."[2] As noted, the "crime of violence" language was not utilized in the petitioner's career offender enhancement. As such, the petitioner's assertion that the invalidated ACCA residual clause language also applies to "controlled substance offense," thus entitling him to relief and resentencing pursuant to ***Johnson***, is erroneous.

Moreover, the petitioner's assertions that his prior drug convictions were not serious enough to require a career offender enhancement have no merit. The petitioner cites to

---

[2]USSG § 4B1.1 relied on § 4B1.2 for definitions of key terms. At the time of the petitioner's sentencing, "crime of violence" was defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one years, that . . . *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" USSG § 4B1.2(a)(2) (emphasis added). This invalidated language was not and is not present under the definition of "controlled substance offense" or "two prior felony convictions."

5

Fourth Circuit precedent in an attempt to support this assertion; however, the Fourth Circuit itself has already scrutinized the petitioner's sentence and found it to be reasonable. [Crim. Doc. 224]. In so finding, the Fourth Circuit ensured that the District Court committed no significant procedural error, such as improperly calculating the petitioner's guideline range, and considered the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. [*Id.* at 2-3]. It is apparent from the Fourth Circuit's opinion that the petitioner's concern with the severity of his controlled substance convictions influencing the career offender enhancement was taken into consideration. The petitioner's reliance on decades-old Fourth Circuit precedent involving facts dissimilar to those in his case is unpersuasive.

For the foregoing reasons, the petitioner's objection is hereby **OVERRULED**.

### III. <u>CONCLUSION</u>

Upon careful review of the above, it is the opinion of this Court that the Report and Recommendation **[Civ. Doc. 5; Crim. Doc. 306]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition **[Civ. Doc. 1; Crim. Doc. 298]** be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 23, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE